"White, J.
The only question in this ease we deem it necessary to notice is, whether the court erred in rejecting the evidence offered by the contestant, to impeach the certificate of the clerk and justices as to the time at which it appears from the certificate, they declared the result of the election.
The .time and mode of conducting elections are prescribed by stature; so also is the mode of contesting an election. The mode of contest is a necessary part of the *155 system, in order to enable the true result to be ascertained and declared.
The right to contest an election is not limited to the candidates but extends equally to all the electors. It is, therefore, a matter of public concern; as much so as the election itself.
The election in question in this case is governed by the “ act to regulate the election of state and county officers,” passed May 3, 1852. S. & C. Stat. 532.
The same statute prescribes the time within which an election may be contested, and the mode of contest.
Section 20 of the act as amended March 28, 1864 (S. & S. 332); provides, that on the sixth day after the election (or sooner, in case all the returns shall be made), the clerk of the court of common pleas, taking to his assistance two justices of the peace, shall proceed to open the several returns which shall have been made to his office, and to make abstracts of the votes for certain officers in the manner prescribed ; and that the abstracts so made shall be certified and signed by the justices and clerk and deposited in the clerk’s office.
Section 21 provides, that the abstract of votes for the several county officers' shall be made on the same sheet as the abstract of the votes for the other officers named in the section; and declares that such abstracts, being certified and signed in the same manner as in the case of the abstracts provided for in the 20th section, shall be deposited in the clerk’s office.
In section 36, as amended March 28,1864 (S. & S. 333), it is provided, that the clerk and justices shall declare the person having the highest number of votes for probate judge, clerk of the court of common pleas, sheriff, etc., duly elected, subject to an appeal to the court of common' pleas, when an election is contested; provided, notice of such appeal to said court be entered with the clerk thereof, within twenty days from the day of declaring the person having the highest number of votes, as aforesaid.
Section 37 requires that the clerk shall make out for *156 each of the county officers who has the highest number of votes, a certificate of his election and deliver the same to such person;on.demand; and that he shall also make out for any candidate or elector of his county an abstract of the votes,, upon being paid one dollar therefor.
Taking these provisions together, it seems clear that the certificate of election which the clerk is required to make out and deliver to the person elected, is a certificate of the declaration required to be made by the clerk and justices, under section 36, showing who were duly elected. This declaration must, therefore, have been made in writing and deposited in the clerk’s office with the abstract.
And as the time within which the right is given to any of the electors to contest the election is to be determined from the time of making the declaration, we think, also, the declaration ought to show the date at which it was made.
True this requirement is not expressed; but we think it is fairly to be implied; and what is implied from a statute has the same effect as if it were expressed.
If the certificate of the clerk and justices can be impeached by parol evidence showing that it was not made at the date it purports to have been, it would seem to follow that the impeachment might be made as well to defeat a contest as to support it. Hence, a party who had in good faith exercised the right to contest within the time allowed by law, as shown by the records of the election, might ultimately be defeated by parol proof that the result was declared anterior to the time shown by the record.
Keeping in view the public nature of the subject to which the statute relates, we have arrived, in construing it, at the following conclusions :
1. Under section 36 of the act, the declaration of the clerk and justices showing who were duly elected, ought to be certified in writing; and the certificate ought also to show the day on which the declaration was made.
2. Where the certificate shows the date at which the declaration was made, the time within which an appeal *157 may be taken by a candidate or an elector is to be counted from such date.
3. If, taking the certificate in connection with the returns and the abstract, there is no ambiguity or uncertainty as to the date of the declaration, parol evidence, in the absence of fraud, is inadmissible for the purpose of fixing the time for taking an appeal.
It may be said that the rule excluding parol evidence puts it in the power of the clerk 'and justices, by fraud and collusion, to abridge the time allowed for taking an appeal.
Eraud is not to be presumed. A reasonable confidence in the fidelity of public officers lies at the foundation of all organized government.
In the present case no fraud is alleged; nor does it appear that any one was mislead by the fact of the certificate being dated on the fourteenth instead of the sixteenth of the month.
The object of dating the certificate ■ on Saturday, the fourteenth, would seem to have been to give effect to the work done by the clerk as of the day on which it was completed ; and which would have been the proper time to have made the certificate had the clerk and justices all been present.
The rule to be pursued in a case of fraud we leave for determination when the ease arises.

Motion overruled.